UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL CARGO LOSS PREVENTION INC., <br><br> Plaintiff, <br><br> v. <br><br> MEDITERRANEAN SHIPPING COMPANY (USA) INC. and MEDITERRANEAN SHIPPING COMPANY S.A., <br><br> Defendants. | Case No.: 1:23-cv-01312-JPO |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**GORDON & REES, LLP**
1 Battery Park Plaza, 28th Floor
New York, New York 10004
Phone: (212) 269-5500
Fax:    (212) 269-5505

*Attorneys for Defendants MSC Mediterranean Shipping Company S.A.
and Mediterranean Shipping Company (USA) Inc.*

# PRELIMINARY STATEMENT

While Plaintiff International Cargo Loss Prevention Inc. ("Plaintiff") filed a First Amended Complaint ("FAC"), their claims still must be dismissed because they are time-barred and because Plaintiff sued the wrong party. First, Plaintiff's claims against defendants are barred by the one-year statute of limitations set forth in the United States Carriage of Goods at Sea Act ("COGSA"), 46 U.S.C. § 30701, *et seq*. Consequently, Plaintiff's claims against defendants must be dismissed with prejudice on this basis alone. Second, at a minimum, the named defendant Mediterranean Shipping Company (USA) Inc. ("MSC USA") was not involved in the alleged transportation of goods. Rather, MSC USA was merely the agent for defendant MSC Mediterranean Shipping Company S.A. ("MSC SA") (MSC USA and MSC SA together "Defendants"). As a result, the claims against MSC USA must be dismissed.

The FAC alleges damages sustained by a shipment of 3400 cartons of frozen shrimp ("Cargo"), which was shipped under MSC SA Sea Waybill No. MEDUMQ297290 ("MSC Waybill") for carriage from Ennore, India to Chicago, Illinois *via* the Port of New York. (Dkt. 19, ¶¶ 9-10.) The only allegation in the FAC against MSC USA is that it issued the MSC Waybill. (Dkt. 19, ¶ 10.) However, MSC USA played no role in the transportation of the Cargo and the MSC Waybill was issued by MSC SA, not MSC USA.

The FAC further alleges that the Cargo was delivered to Plaintiff on September 15, 2021. (Dkt. 19, ¶ 11.) Under COGSA, any claim against Defendants therefore required asserting on or before September 15, 2022. MSC USA, as agents for MSC SA, granted Plaintiff two (2) written voluntary extensions of time to file a complaint: first on September 14, 2022, until "*December 15, 2022 – 17h00 (CET time)*" (CET being Central European Time, where MSC SA is located); Declaration of Mark A. Beckman ("Beckman Decl."), ¶ 3 and Exhibit 2), and second on

December 7, 2022, until "*February 15, 2023, 17h00 CET*". (again CET being Central European Time, where MSC SA is located) (Dkt. 8, ¶ 11; Beckman Decl., ¶ 4 and Exhibit 2.) While Plaintiff requested a third extension of time, MSC informed Plaintiff that its claim was time bared as of February 15, 2023 – 17h00 CET (11:00 a.m. EST on February 15, 2023). (Beckman Decl., ¶ 5 and Exhibit 2.) Plaintiff subsequently attempted to file a Complaint on February 15, 2023, but at 5:32 p.m. EST (Beckman Decl., ¶ 7 and Exhibit 3), which filing was outside the extension and thus beyond the statute of limitation. However, even if that filing were in time, it was defective – the court rejected the filing for filer deficiencies. (Dkt. 1.) Plaintiff subsequently filed its Complaint on February 16, 2023, again beyond the statute of limitations. (Dkt. 3.) No allegations in the FAC are different or new from those in the Complaint in respect of the timing failures, and the scant new verbiage regarding MSC USA does not alter the conclusion: the claims are bared by the statute of limitations and MSC USA has no liability as a matter of law.

Accordingly, as more fully discussed below, the FAC must be dismissed, with prejudice.

## ARGUMENT

### I. Standard Of Review

To survive a motion to dismiss, a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "In deciding a motion to dismiss under Rule 12(b)(6), a district court must accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Doherty v. Citibank (S. Dakota) N.A.*, 375 F. Supp. 2d 158, 161 (E.D.N.Y. 2005) (internal quotations and citation omitted). But, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Lanfranco v. Chase Bank*, 14-CV-

6778 (PKC), 2015 WL 2452602, at *1 (E.D.N.Y. May 21, 2015) (quoting Iqbal, 556 U.S. at 678). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. The Court may, however, consider a statute of limitations defense because "a complaint can be dismissed for failure to state a claim pursuant to a Rule 12(b)(6) motion raising an affirmative defense if the defense appears on the face of the complaint." *See Official Comm. Of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003) (internal quotation omitted).

## II. The FAC Must Be Dismissed In Its Entirety With Prejudice

Plaintiff's claims are time-barred and Plaintiff has failed to state a claim as against MSC USA. As a result, the claims should be dismissed with prejudice.

### A. Plaintiff's Claims Are Barred By The Statute Of Limitations

Plaintiff's claims are governed by COGSA's one-year statute of limitations. Because Plaintiff failed to bring its claims within the limitation period, as extended by agreement, those claims must be dismissed. Federal law pre-empts state law in maritime/admiralty matters, and COGSA is the exclusive remedy and governing law: "COGSA, when it applies, supersedes other laws." *Polo Ralph Lauren, L.P. v. Tropical Shipping & Const. Co., Ltd.*, 215 F.3d 1217, 1220 (11th Cir. 2000); *see also Sail America Found. v. M/V T.S. PROSPERITY*, 778 F. Supp. 1282, 1285 (S.D.N.Y. 1991). Accordingly, Plaintiff's claims, whatever they may be, are subject to COGSA and its one-year statute of limitations.

Regardless which entity should have been named, Plaintiff cannot avoid the ineluctable conclusion that the statute of limitations has run on Plaintiff's claims. Plaintiff alleges Defendants undertook the shipment of the Cargo from India to the United States and that the shipment was made and completed on September 15, 2021. (Dkt. 19, ¶¶ 9-11.) As Plaintiff's claim is based on a carriage of goods by sea to the United States in foreign trade, and as admitted

3

by Plaintiff in the FAC (Dkt. 19, ¶¶ 6-7), it is governed by COGSA, which states, "the carrier and the ship shall be discharged from ***all liability*** in respect of loss or damage unless suit is brought within ***one year*** after delivery of the goods or the date when the goods should have been delivered." *Id.* (Sec. 3(6)) (emphasis added).

The Cargo shipped under the MSC Waybill was delivered to Plaintiff on September 15, 2021. (Dkt. 19, ¶ 11). Consequently, Plaintiff was required to bring any claim for alleged damage to the Cargo on or before September 15, 2022. MSC SA, via its agent MSC USA, granted Plaintiff a first voluntary extension of time to bring a claim to December 15, 2022 – 17h00 (CET time). (Beckman Decl., ¶ 3 and Exhibit 2.) MSC SA then granted Plaintiff a second voluntary extension of time to bring a claim to February 15, 2023 – 17h00 (CET time). (Dkt. 19, ¶ 8; Beckman Decl., ¶ 4 and Exhibit 2.) Both time extensions expressly and unambiguously specified that they were subject to the CET time zone, which is the internationally-recognized acronym for Central European Time. However, Plaintiff waited until February 16, 2023 to file its operative Complaint, *after* COGSA's voluntarily extended statutory period had expired.

Plaintiff undoubtedly will argue it filed on February 15, 2023 at 5:32 p.m. EST, but that filing was rejected by the Court for two deficiencies: signing error and incorrect civil cover sheet. The docket entry for the first reads: \*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Michael Evan Stern to RE-FILE Document No. 1 Complaint. The filing is deficient for the following reason(s): the pleading was not signed by the attorney". (Dkt. 2.) Plaintiff then filed the Complaint, with a signature, on February 16, 2023. (Beckman Decl., ¶ 7, Exhibit 3. and Dkt. 1 and 3). Plaintiff does not enjoy the benefit of the timing of the first filing. *Davis v. Lenox Hill Hosp.*, 2004 WL 1926086. at \*8 (S.D.N.Y. Aug. 31, 2004), is illustrative. There, the plaintiff filed an FLSA collective action, which requires the

4

filing both of a complaint, *and* a consent to be a party plaintiff, in order to commence the action. Davis submitted her consent to the clerk on July 23, but it was rejected for failing to comply with the local rules. Davis again sent the form to the clerk on August 10 and November 18, and again, both were rejected for failing to comply with the local rules. The consent form ultimately was filed and accepted on December 4. Davis, in an attempt to have more of her claim fall within the FLSA look-back period, argued her consent form filed on August 20 should count. The court, in rejecting her request, noted that the form was rejected for failure to comply with the local rules, that Davis did not claim that such rejections were erroneous, and that she provided no excuse for her failure to submit a compliant form. Accordingly, the court considered only the December filing for limitations purposes. *Id.*

The circumstances here are virtually identical, as is the *Davis* court's logic. Plaintiff failed to comply with the rules. Plaintiff has not suggested it did comply and the rejection was erroneous. Plaintiff has no excuse for failing to file in time – Plaintiff knew precisely when the deadline fell. Plaintiff simply chose to wait until the last minute, and then failed to file properly. As a result, in respect of the statute of limitations, Plaintiff's first filing is a nullity and the true filing, on February 16, 2023, was beyond the already-extended period.

Courts routinely dismiss claims brought beyond COGSA's one-year limit. *See e.g. Herod's Stone Design v. Mediterranean Shipping Company S.A.*, 846 Fed. Appx. 37 (2d Cir. 2021) (affirming the District Court's grant of summary judgment in favor of Defendant, and dismissing the action due to the expiration of the one-year COGSA statute of limitations); *Miller Export Corp. v. Hellenic Lines, Ltd.*, 534 F. Supp. 707, 711 (S.D.N.Y. 1982) (dismissing claim brought sixteen months after delivery date, applying COGSA one-year limitations period); *Atlantic Mut. Ins. Co. v. M/V President Tyler*, 765 F. Supp. 815, 818 (S.D.N.Y. 1990) (finding plaintiff's claim was time

barred, stating "COGSA expressly limits the carrier's exposure to suit to one year after delivery").

Moreover, even assuming *arguendo* that the complaint that was filed on February 15, 2023, were Plaintiff's operative complaint, it was still filed *after* COGSA's voluntarily extended statutory period had expired. Pursuant to the express written terms of the second extension, Plaintiff's complaint had to be filed before 1700 hours Central European Time, which is 11:00 a.m. EST; Plaintiff waited until 5:32 p.m. EST to file, more than six-and-a-half hours beyond the time limit. (Beckman Decl., ¶¶ 6 and 7, Exhibits 2 and 3.)

Accordingly, Plaintiff's FAC cannot survive and must be dismissed with prejudice as a matter of law as to both MSC SA and MSC USA on this basis alone. *See Hahn v. Off. & Pro. Emps. Int'l Union, AFL-CIO*, 107 F. Supp. 3d 379, 383 (S.D.N.Y. 2015) (dismissal without prejudice "would be improper for the Court" if the plaintiff's claims were already time-bared prior to filing the complaint)*; see also Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir. 2007) (dismissing a plaintiff's claim with prejudice for a Rule 12(b)(6) violation appropriately "weigh[s] the prejudice to the defendant that arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service.").

B. <u>MSC SA's Time Extension Was Not Ambiguous</u>

We anticipate Plaintiff attempting to concoct ambiguity regarding the time extension. Plaintiff is wrong. The facts are clear and unchallenged: MSC SA, through its agent MSC USA, granted Plaintiff an extension to February 15, 2023 – 17h00 (CET time) to file a complaint. (Beckman Decl., ¶ 4 and Exhibit 2.) This extension was very specific both to date and time. The time extension was expressly and unambiguously keyed to the CET time zone, which is the internationally recognized acronym for Central European Time, being the time zone of Geneva, Switzerland, where MSC SA its headquartered.

To the extent Plaintiff suggests it believed "CET" to mean the time in Illinois, such

suggestion is disingenuous at best and frankly does not pass the smell test. The Court can take judicial notice that no-one refers to Central time in the US as CET. Rather, the acronym for the Central Time Zone is CT. Indeed, simply typing "CET time" into google, with nothing more, demonstrates the universal acknowledgment that CET refers to Central European Time. (Beckman Decl., ¶ 8 and Exhibits 4 & 5.[1] No person, certainly no reasonable person, could have believed that CET referred to Central Time in the United States. Again, while Plaintiff may claim it thought so, even if Plaintiff genuinely believed that, such belief was unreasonable. Plaintiff may believe vampires caused cargo damage, but it does not make such allegation reasonable, or create ambiguity of any kind. In short, Plaintiff's anticipated attempt to defeat the motion by injecting a risible argument that CET is somehow ambiguous fails as a matter of law.

    C.    <u>Plaintiff Cannot Rely On Estoppel To Save Its Claim.</u>

Similarly, Plaintiff may argue its late filing should nonetheless survive because MSC is equitably estopped from asserting the time bar. Plaintiff is wrong again. Equitable estoppel is an extraordinary remedy that should be invoked only under exceptional circumstances *See Twersky v. Yeshiva University*, 993 F. Supp. 2d 429, 422 (S.D.N.Y. 2014). Indeed, equitable estoppel should only apply where it would be unjust to allow the defendant to assert a statute of limitations defense. *Id.* This includes situations where plaintiff was induced by fraud, misrepresentation, or deception to refrain from filing a timely action. *Id.* No such situation occurred here.

Specifically, at Plaintiff's request, MSC granted a first extension. Plaintiff could not get its ducks in a row and asked for a second extension. MSC said ok. But when Plaintiff asked for a third extension, MSC said no. Each such decision was entirely within MSC's purview and it had an

---

[1] Exhibits 4 and 5 are screenshots of the same page, one being the top and the other being a scroll-down on the same page, the address therefor is the same for both, and is included in each. Last visited on June 23, 2023.

absolute right to decide whether to grant a voluntary extension.

But now, Plaintiff appears to want the law to be if you give one extension of time, it is perpetual, and you must agree to all subsequent requests for extensions. Plaintiff's wonton disregard of black-letter law would result in chaos and inequity, upending decades of jurisprudence. The plain fact is MSC SA was *not* required to grant Plaintiff *any* extensions, much less a *third*. The two extensions MSC did grant were clear, written in plain language, and specified precisely the expiration date and time. The extensions did not contain any representation that further extensions would be granted and/or that MSC SA would refrain from asserting a time bar defense.

Moreover, if Plaintiff does indeed claim equitable estoppel, it does so frivolously and disingenuously. Plaintiff is an experience litigant was well aware of the time it had to assert a claim. Indeed, Plaintiff admitted so when it wrote that if a third extension were not granted, Plaintiff would "be forced to file suit tomorrow to protect cargo interests' recovery rights." (Beckman Decl., ¶ 6, Exhibit 2.) Plaintiff cannot have it both ways: it cannot suggest it was entitled to an extension, equitable or otherwise, while simultaneously having acknowledged it was obligated to file if no extension were granted. Plaintiff rolled the dice and came up short. To claim it now may blame MSC for Plaintiff's own ill-advised choices is beyond absurd and MSC is not estopped from asserting the time bar. Accordingly, Plaintiff's claims are barred by the statute of limitations and must be dismissed, with prejudice.

D.  Plaintiff Failed To State A Claim Against MSC USA

MSC USA, as agent for MSC SA, had no involvement with the instant issues, is the wrong party, and thus cannot be held liable here. Plaintiff attempts to save its claims against MSC USA by stating that the MSC Waybill was issued by MSC SA and MSC USA. (Dkt. 19, ¶ 10). However, plain review of the MSC Waybill shows it was issued only by MSC SA. (Beckman Decl., ¶ 2 and

Exhibit 1)

MSC SA is the parent company of MSC USA, but a distinct entity nonetheless. Any purported harm or damages to Plaintiff would be attributable to MSC SA, as the ocean carrier, and not MSC USA. Indeed, MSC USA neither issued the MSC Waybill, nor performed any part of the transportation of the Cargo. Absent either a contract or conduct of any kind, no cause of action for breach of contract or negligence is possible as a matter of law. *See Hiroshi Muramato v. Blidberg Rothchild Co.*, 94 F. Supp. 131, 131 (S.D.N.Y. 1950) (agent is not responsible for potential negligence of the master); *Loeb v. U.S. Dep't of Interior*, 793 F. Supp. 431, 438 (E.D.N.Y. 1992) (same); Restatement (Third) Of Agency § 7.01 cmt. d (2006) ("Only an agent's own tortious conduct subjects the agent to liability.... An agent is not subject to liability for torts committed by the agent's principal that do not implicate the agent's own conduct; there is no principle of 'respondent inferior.'").

Accordingly, because MSC USA did not issue the MSC Waybill, and was not involved in any manner in the alleged transportation of the Cargo, Plaintiff has not and cannot state a claim against MSC USA and the claims against MSC USA must be dismissed. *See Coopers & Lybrand, LLP*, 322 F.3d at 158 (2d Cir. 2003).

## **CONCLUSION**

Based on the foregoing, MSC respectfully requests the Court dismiss Plaintiff's action, with prejudice, pursuant to COGSA and Federal Rule of Civil Procedure 12(b)(6), and for such other and further relief as the Court deems proper.

Dated: June 23, 2023                              Respectfully Submitted,

GORDON & REES, LLP

By: _____/s/ Mark A. Beckman_____
    Mark A. Beckman
    1 Battery Park Plaza, 28th Floor
    New York, NY 10004
    Tel: (212) 269-5500
    Fax: (212) 269-5505
    mbeckman@grsm.com

    *Attorneys for Defendants MSC*
    *Mediterranean Shipping Company S.A.*
    *and Mediterranean Shipping Company*
    *(USA) Inc.*