UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INTERNATIONAL CARGO LOSS
PREVENTION, INC.,

                Plaintiff,

-against-

MEDITERRANEAN SHIPPING CO. (USA)
INC. and MEDITERRANEAN SHIPPING CO.
S.A.,

                Defendants.

23-CV-1312 (JGLC)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff International Cargo Loss Prevention, Inc. ("Plaintiff") brings this action under the Carriage of Goods by Sea Act ("COGSA") against Mediterranean Shipping Company (USA) Inc. ("MSC USA") and Mediterranean Shipping Company S.A. ("MSC S.A.") (collectively, "Defendants"), alleging that Defendants breached their contractual obligations. *See* ECF No. 19 ("FAC"). Defendants move to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons herein, Defendants' motion to dismiss is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff is the insurer of a shipment of frozen shrimp that Defendants, common carriers, were contracted to transport from Ennore, India to Chicago, Illinois. FAC ¶¶ 2, 5, 9–10. The terms of the carriage agreement are memorialized in Sea Waybill No. MEDUMQ297290 (the "Sea Waybill"). *Id.* ¶ 10. The Sea Waybill is signed by the shrimp supplier and MSC USA as agent for MSC S.A. ECF No. 25 ("Beckman Decl."), Ex. 1 at 3.

According to Plaintiff, Defendants delivered the shipment to Chicago, Illinois on or about September 15, 2021 in damaged condition. FAC ¶ 11. In response, Plaintiff sought to bring suit

against Defendants for damages. ECF No. 26 ("Pl.'s Mem.") at 5. As COGSA's statute of limitation extends only one year from the date of an alleged breach, Plaintiff asked Defendants for an extension of time to file their complaint. *Id.* at 5, 7–8. Defendants twice extended the filing deadline for the Complaint, providing a date and time by which Plaintiff needed to file suit. *Id.* at 4, 8. Though the parties agree on the date of the deadline, they disagree on whether Defendants' time portion of the deadline was according to the Central European time zone or Central Standard time zone. *Id*. at 10; ECF No. 24 ("Defs.' Mem.") at 6.

Plaintiff filed the initial Complaint against MSC S.A. and MSC USA on February 15, 2023, at 5:32 p.m. Eastern Standard Time ("EST"). *See* ECF No. 1 ("Compl."). On February 16, 2023, the Clerk of Court notified Plaintiff that the Complaint was deficient because the attorney signature was incomplete and the civil cover lacked sufficient information. *See* ECF No. 2. The Clerk of Court requested that Plaintiff re-file the Complaint, and Plaintiff did so later that same day. *See* ECF Nos. 2–4.

On May 12, 2023, Defendants filed a motion to dismiss. *See* ECF No. 12. In their supporting papers, Defendants argued that Plaintiff's claims were time-barred by COGSA's statute of limitations and that Plaintiff failed to state a claim against MSC USA because it failed to allege that MSC USA was a party to the Sea Waybill. ECF No. 13 at 3, 5. Plaintiff requested leave to file an amended complaint, which the Court granted on May 23, 2023. *See* ECF No. 16. The Amended Complaint, filed on June 2, 2023, adds that both MSC USA and MSC S.A. issued the Sea Waybill. FAC ¶ 10.

On June 23, 2023, Defendants moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6), based on similar grounds as those in their initial motion to dismiss. *See* Defs' Mem. at 1–2. Defendants argue that the suit is time-barred by COGSA's statute of limitations

because Plaintiff filed the Complaint after Defendants' filing extension expired, and that Plaintiff fails to state a claim against MSC USA because MSC USA, as an agent of MSC S.A., cannot be held liable for breaches of the Sea Waybill. *Id.* at 3, 8. Accompanying their motion to dismiss, Defendants attached five exhibits, none of which were attached to Plaintiff's Complaint or Amended Complaint. *See* Beckman Decl.

## LEGAL STANDARD

### I. Motion to Dismiss

Defendants' motion to dismiss is brought pursuant to Rule 12(b)(6). In reviewing a motion to dismiss under Rule 12(b)(6), the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (internal quotation marks omitted). A claim will survive a Rule 12(b)(6) motion only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

### II. Submission of Additional Documents

Typically, "[i]n deciding a motion under Rule 12(b)(6), the Court may consider only the facts stated on the face of the complaint, and in documents appended to the complaint or documents incorporated by reference in the complaint." *AIM Int'l Trading, L.L.C. v. Valcucine*

*S.p.A.*, 02-CV-1363 (PKL), 2003 WL 21203503, at *3 (S.D.N.Y. May 22, 2003) (citing *Schnall v. Marine Midland Bank*, 225 F.3d 263, 266 (2d Cir. 2000)). Where a party on a motion to dismiss introduces documents outside the pleadings and not integral to the complaint, the Court must "either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment . . . ." *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (quoting *Fonte v. Board of Managers of Continental Towers Condominium*, 848 F.2d 24, 25 (2d Cir. 1988) (internal quotation marks omitted)).

However, the Court "may nevertheless consider" a document outside of the complaint "where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)). "[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a prospectus upon which it solely relies and which is integral to the complaint, the defendant may produce" the same in its motion to dismiss. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991); *see also Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 196 (2d Cir. 2005) ("Where a plaintiff has relied on the terms and effect of a document in drafting the complaint, and that document is thus integral to the complaint, we may consider its contents even if it is not formally incorporated by reference.") (cleaned up).

Here, Defendants submitted documents in connection with their moving papers that were not attached to the Complaint, including: (1) the Sea Waybill; (2) the email exchanges documenting the extensions Defendants granted Plaintiff to file their complaint ("Extension Emails"); (3) a copy of the ECF receipt of the filing of Plaintiff's Complaint on February 15,

4

2023; and (4) screenshots of the results of a Google search for "CET time" ("Google Screenshots"). Beckman Decl. Exs. 1–5.

The Court may properly consider the Sea Waybill in the context of this Rule 12(b)(6) motion because its breach forms the basis of Plaintiff's suit. "Courts frequently consider contracts like this one in a motion to dismiss" without "transform[ing] [the] motion into one for summary judgment." *KiSKA Const. Corp.US v. G & G Steel, Inc.*, No. 04-CV-9252 (CSH), 2005 WL 1225944, at *3 (S.D.N.Y. May 20, 2005); *see also Chambers*, 282 F.3d at 153–54 (finding that the district court on a 12(b)(6) motion properly considered, without converting the motion into one for summary judgment, contracts not included in plaintiff's pleadings that were "integral to the Amended Complaint"); *Cortec Indus., Inc.*, 949 F.2d at 48 (holding that the district court was entitled to consider a written agreement defendant attached to a motion to dismiss without converting the motion to one for summary judgment); *AIM Int'l Trading, L.L.C.*, 2003 WL 21203503, at *3–4 (declining to convert motion to dismiss into summary judgment motion but opting to consider agreements underlying plaintiff's breach of contract claim). Accordingly, the Court will consider the Sea Waybill.

The Court, however, declines to consider the remaining documents in deciding the current motion. Defendants attached these documents in support of their argument that Plaintiff's Complaint is time-barred because it was filed after Defendants' extension period expired. The parties, however, dispute the meaning of terms used in the extension emails and whether terms used were ambiguous in light of the circumstances in this case. These questions are not suited for resolution on a motion to dismiss. *JGB (Cayman) Newton, Ltd. v. Sellas Life Scis. Grp. Inc.*, No. 18-CV-3095(DLC), 2018 WL 5266877, at *8 (S.D.N.Y. Oct. 23, 2018). ("If an ambiguity exists, then a court may consider extrinsic evidence to determine its meaning. . . . Because such

evidence involves factual disputes, however, it is generally inappropriate for resolution on a motion to dismiss or for judgment on the pleadings.") Because of this dispute, the Court declines to consider the remaining exhibits with respect to this motion.

## DISCUSSION

Defendants assert three arguments in support of their motion to dismiss. The first is that Plaintiff's claims are barred by COGSA's statute of limitations because Plaintiff had to re-file its Complaint a day after the statutory period expired as Plaintiff's initial Complaint was procedurally deficient. Next, Defendants argue that even if Plaintiff's Complaint was filed on the day the statutory period expired, it is nonetheless still time-barred since it was filed hours after Defendants' alleged deadline expired. In support of this argument, Defendants attached the Extension Emails and Google Screenshots. Finally, Defendant argues that Plaintiff failed to state a claim against MSC USA.

Because Defendants' second argument relies entirely on extraneous exhibits that the Court will not consider, the Court will not address the argument at this time. For the reasons explained below, the Court finds that despite its procedural deficiencies, Plaintiff filed its Complaint on the date of the deadline, but that Plaintiff has failed to state a claim against MSC USA.

I.  **The Court Cannot Conclude That Plaintiff's Claim Is Time-Barred**

Defendants contend that Plaintiff's claims are time-barred by COGSA's statute of limitations because its "operative Complaint" was not filed until February 16, 2023. Defs.' Mem. at 4. Plaintiff filed their Complaint on February 15, 2023, the parties' agreed upon deadline. On February 16, 2023, the Clerk of Court notified Plaintiff that the Complaint was deficient because "the pleading was not signed by the attorney" and "the civil cover sheet [wa]s not correct." *See*

6

ECF No. 2. That same day, Plaintiff re-filed the Complaint with a signature and corrected civil cover sheet. *See* ECF Nos. 3–4. According to Defendants, because Plaintiff's initial filing did not "comply with the rules," the operative filing date is February 16, 2023, which is outside the statute of limitations. Defs.' Mem. at 4–5.

Defendant's argument is without merit. "A complaint is deemed filed when the Clerk of Court receives it." *Abusikin v. City of New York*, No. 18-CV-4582 (AT), 2021 WL 930349, at *3 (S.D.N.Y. Mar. 11, 2021) (quoting *Kalican v. Dzurenda*, 583 F. App'x 21, 23 (2d Cir. 2014)). Plaintiff's filing error does not void the February 15, 2023 filing date for statute of limitations purposes. A complaint filed without a proper signature "does not invalidate the timely filing of the Complaint." *Rodriguez v. City of New York*, No. 10-CV-1849 (PKC), 2011 WL 4344057, at *3, (S.D.N.Y. Sept. 7, 2011). "[C]ourts regularly deem timely complaints filed before the statute of limitations expires but rejected by the Clerk of Court due to a lack of proper signature, and then promptly refiled correctly." *Abusikin*, 2021 WL 930349, at *3. Here, Plaintiff promptly remedied its deficient Complaint on the same day it was notified of its mistakes. *See* ECF No. 3.

Defendants rely on *Davis v. Lenox Hill Hospital* to support their argument that the filing date should be February 16, 2023 rather than February 15, 2023. No. 03-CV-3746 (DLC), 2004 WL 1926086, at *8 (S.D.N.Y. 2004). The situation in *Davis* is distinguishable. There, the plaintiff failed to immediately remedy her filing error and instead allowed nearly a month to elapse before correcting the error. *Id.* Further, the misfiled document was returned to the plaintiff twice more for failing to comply with the local rules and the plaintiff twice more allowed weeks to pass before attempting to remedy the mistake. *Id.* All told, it took the plaintiff in *Davis* over four months to correct her filing error. *Id.* Here, Plaintiff correctly re-filed its pleadings on the same day that it was notified of the deficiencies. *See* ECF No. 3.

7

Accordingly, Plaintiff's Complaint was commenced on January 15, 2023 and is not time-barred.

## II. Plaintiff Fails to State a Claim Against MSC USA

Defendants argue that Plaintiff failed to state a claim against MSC USA. Defs.' Mem. at 8. Plaintiff's Amended Complaint alleges that both MSC S.A. and MSC USA issued and breached the Sea Waybill. FAC ¶¶ 10, 12. According to Defendants, however, "MSC USA, as agent for MSC SA, had no involvement with the instant issues, is the wrong party, and thus cannot be held liable here." Defs.' Mem. at 8. Pointing to the Sea Waybill, Defendants highlight that "it was issued only by MSC SA." Defs.' Mem. at 8.

Plaintiff does not dispute that MSC USA is the agent of MSC. S.A., but asserts that it "sufficiently pled [] that both MSC USA and MSC SA are the liable parties" since it "list[ed] MSC USA as a defendant and party to the action" and alleged that it breached the Sea Waybill. Pl.'s Mem at 14. As "[f]urther proof that MSC USA was a party to the Sea Waybill," Plaintiff states that MSC USA "was charged with administering the loss under contract" and "had the power to bind both MSC SA and MSC USA in accordance with the damage to the shipment." *Id*. On this last point, though the Complaint alleges that MSC USA and MSC S.A. issued and breached the Sea Waybill, the Complaint does not allege that MSC USA "was charged with administering the loss under contract" or that "it had the power to bind MSC S.A." Accordingly, the Court will not consider those allegations as facts for the purpose of this motion.

"[C]ommon law rules of agency" apply to interpretation of maritime contracts. *CMA-CGM (Canada), Inc. v. World Shippers Consultants, Ltd.*, 921 F. Supp. 2d 1, 6 (E.D.N.Y. 2013). Thus, "if an agent executes a contract on behalf of its principal, and if the agent has properly disclosed its principal, then the agent is not itself a party to the contract and is not liable for

claims arising out of it." *Mediterranean Shipping Co. (USA) Inc. v. Am. Cargo Shipping Lines, Inc.*, No. 13–CV–6357 (ER), 2014 WL 4449796, at *4 (S.D.N.Y. 2014). The agent, however, may be held liable for a breach of the contract if the agent "clearly manifests an intent to be so bound, 'instead of, or in addition to, its principal.'" *CMA-CGM*, 921 F. Supp. 2d at 6 (quoting *Ariel Mar. Grp., Inc. v. Zust Bachmeier of Switzerland, Inc.*, 762 F. Supp. 55, 60 (S.D.N.Y. 1991)).

Here, MSC USA's signature on the Sea Waybill plainly states that it is signing "as Agent on behalf of the Carrier MSC Mediterranean Shipping Company S.A." Beckman Decl. Ex. 1 at 3. And Plaintiff has acknowledged that MSC USA is the agent of MSC S.A. *See* Pl.'s Mem. at 14. In this case, MSC USA can be found liable only if it manifested an intent to be bound to the contract. *See CMA-CGM*, 921 F. Supp. 2d at 6. Plaintiff does not allege any facts to support that MSC USA manifested an intent to be bound to the Sea Waybill. Instead, the only allegation specific to MSC USA is that it, along with MSC S.A., issued the Sea Waybill. Plaintiff also included a conclusory statement that MSC S.A. and MSC USA "breached, failed and violated the contract of carriage and their duties and obligations as common carriers . . ." FAC ¶ 12. These allegations are insufficient to state a claim against MSC USA. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Finally, Plaintiff has requested leave to amend the Amended Complaint if the Court finds that Plaintiff has failed to sufficiently state a claim against MSC USA. Pl.'s Mem. at 14–15. Plaintiff, however, has already been afforded the opportunity to remedy the Complaint's insufficient allegations against MSC USA. It amended the complaint after Defendants raised this very issue in a motion to dismiss Plaintiff's initial Complaint. ECF Nos. 13; 19. Plaintiff failed to

plead any facts to address Defendants' argument in this regard or indicate in any way that it has facts to support such an allegation. As such, Plaintiff's request to file a second amended complaint is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in part and DENIED in part. Defendant MSC USA is dismissed from the case. The Clerk of Court is respectfully directed to terminate ECF. No. 23.

Dated:   January 3, 2024
            New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge